# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **DARCEL PORCH**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16 C 9311 |
| | ) |
| **SHERIFF THOMAS DART COOK COUNTY**, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Pro se plaintiff Darcel Porch ("Porch")[1] has filed a self-prepared Complaint of Employment Discrimination ("Complaint") on the form made available by the Clerk's Office for parties acting pro se. This memorandum order is issued sua sponte because of an obvious problem posed by Porch's filing.

Among the exhibits attached to the Complaint is a document reflecting two e-mails dated June 27, 2016, one from an employee at the EEOC to the law firm that had represented her before that agency and the other from a lawyer at that firm to Porch herself advising her of the effect of the right-to-sue letter. Those documents reflect that the EEOC letter dated August 12, <u>2015</u> had been returned to the agency because it had been wrongly addressed, so that it was transmitted to her lawyer more than ten months later, as part of the June 2016 e-mail. Counsel's

---

[1] That name consistently appears in plaintiff's self-prepared caption, in the listing of her name below her signature at the end of the Complaint and in the attached copies of her Charge of Discrimination and the EEOC right-to-sue letter, although Complaint ¶ 2 reads "Darcel Porch Davis." This memorandum order, like her more prevalent usage, simply employs the "Porch" name.

follow-up letter to Porch carefully explained the deadline for her to file suit, concluding "Your 90 days beings[sic] from today, June 27, 2016."

Complaint ¶ 8(b), filled in by Porch herself, states that the EEOC's right-to-sue letter was received by her on June 28, 2016.[2] But even though Porch had been expressly advised as to the deadline for bringing suit, she inexplicably did not do so until 92 days had passed.

Caselaw in this Circuit as elsewhere consistently applies the 90-day deadline strictly (see, e.g., Portillo v. Zebra Tech. Corp., 154 F. App'x 505, 507 (7th Cir. 2005)). Because it is of course possible (although perhaps unlikely) that an employer targeted in an employment discrimination action might choose not to seek dismissal on that ground, copies of this memorandum order are being transmitted to Sheriff Thomas Dart (named as defendant in the action) and to the Cook County State's Attorney's Office, which regularly represents the Sheriff in litigation matters. This Court will await word from the defense side of the "v." sign before considering Porch's contemporaneously-filed In Forma Pauperis Application and Motion for Attorney Representation.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 7, 2016

---

[2] This Court need not decide whether the correct date for starting the 90-day clock ticking was the commonly applied June 27 date (when her lawyer received the EEOC transmittal) or June 28, the date listed by Porch. As what follows in the text reflects, that makes no difference -- this action was untimely filed in any event.